IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:16-cv-01142-LSC |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

## I.  Introduction

The plaintiff, Barbara Jackson, proceeding *pro se*, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI"), a period of disability, and Disability Insurance Benefits ("DIB"). Ms. Smith timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Smith was 60 years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 27.) She completed two years of college and her past work experiences include employment as an accountant/bookkeeper. (*Id*. at 28-30.) According to the administrative record, Ms. Jackson claimed that she became

1

disabled on April 27, 2013, due to congestive heart failure, hypertension, shortness of breath, asphyxiation, and palpitations. (*Id*. at 26.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440

F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can

make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ found that Ms. Jackson has not engaged in SGA since the alleged onset of her disability. (Tr. at 13.) According to the ALJ, Plaintiff's congestive heart failure and hypertension are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 14.) The ALJ determined that Ms. Jackson has the following RFC: sedentary work with no climbing of ladders, ropes or scaffolds; occasional climbing of ramps and stairs; occasional balancing, kneeling, crouching, crawling and stooping; avoiding concentrated exposure to extreme heat and cold, fumes, odors, chemicals, gases, dust, and poorly ventilated areas; and avoiding all hazardous machinery and unprotected heights. (*Id.*)

According to the ALJ, Ms. Jackson is able to perform her past relevant work as a bookkeeper/accountant, as it is generally and was actually performed. (Tr. at

17.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from April 27, 2013, through the date of this decision." (*Id.*)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding

from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

**III. Discussion**

Ms. Jackson filed the instant action for judicial review in this Court on July 12, 2016, by filling out a form complaint alleging that she was denied her social security benefits, with no supporting facts. (Doc. 1.) *See* 42 U.S.C. § 405(g). The Commissioner answered, and this Court directed Ms. Jackson to file a brief in support of her claim. Ms. Jackson did not do so. Deadlines for submissions have passed, and the issues in this case are now ripe for decision. Ms. Jackson has failed

to point to any errors in the ALJ's opinion despite the fact that she has had two opportunities to do so: (1) her complaint and (2) an initial brief in support of her claim.

Nonetheless, this Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Ms. Jackson is not disabled.

## IV. Conclusion

Upon review of the administrative record, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** and **ORDERED** on September 5, 2019.

　　　　　　　　　　　　　　　　　　L. Scott Coogler
　　　　　　　　　　　　　　　　United States District Judge

160704